United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 97-2416SI

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Southern District |
| | * | of Iowa. |
| Rodney Robles, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:  January 13, 1998
Filed:  March 26, 1998

_____

Before RICHARD S. ARNOLD, Chief Judge, BRIGHT and WOLLMAN, Circuit
    Judges.

_____

RICHARD S. ARNOLD, Chief Judge.

Rodney Robles appeals the sentence he received for conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846 (1994).  We affirm.

I.

In May of 1996, police were alerted to drug-related activity at an apartment in Columbus Junction, Iowa, whose occupants included Genoveva Mata and Robles.  A

controlled purchase was arranged, and on May 23 a drug enforcement agent bought 1.74 grams of cocaine from Robles and Mata. On May 31, upon information that others affiliated with the drug operation were delivering 1.5 kilograms of cocaine to Mata's apartment, agents obtained and executed a search warrant. They seized a one-kilogram package of cocaine, as well as various scales, containers, and drug paraphernalia. Robles and the other occupants of the apartment were arrested.

Robles pleaded guilty to conspiracy to distribute cocaine. He stipulated that, beginning on or before March 1, 1996, he had participated in the distribution of cocaine out of Mata's apartment, by "frequently bringing numerous individuals to [the apartment] . . . for the purpose of having them buy cocaine from Genoveva Mata in one gram, one sixteenth ounce, and one-eighth ounce amounts." Further, he "occasionally personally possessed and sold cocaine to individuals who came to [the apartment]." Appellee's App. at 12 (Stipulation of Facts).

The presentence report recommended that Robles be held responsible for a total of 1.169 kilograms, comprised of the controlled purchase amount, the amount seized from the apartment, and amounts that Mata testified had been sold out of the apartment. At sentencing, the District Court[1] adopted this recommendation and sentenced Robles to the mandatory minimum sentence of 60 months.

Robles now challenges the attribution to him of the kilogram of cocaine seized from the apartment, the finding which resulted in the application of the mandatory minimum sentence.

---

[1]The Hon. Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

II.

The Sentencing Guidelines provide that a defendant may be held responsible for acts of his coconspirators that were "reasonably foreseeable acts and omissions . . . in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Robles argues that the District Court failed to determine the scope of his jointly undertaken criminal activity after Robles objected to its characterization in his presentencing report. Alternatively, he claims that the Court's determination was incorrect. We hold that the District Court's determination of drug quantity was not clear error. See United States v. Flores, 73 F.3d 826, 833 (8th Cir.), cert. denied, 116 S. Ct. 2568 (1996).

The sentencing transcript shows that the District Court complied with Federal Rule of Criminal Procedure 32(c)(1), which requires a sentencing court to make specific findings regarding factual determinations in a presentence report that a defendant has challenged. The Court acknowledged that Robles "objected in [his] letter of objections to just about every paragraph that referred to amounts of cocaine." Sentencing Tr. at 58. After considering the evidence presented by Robles and the government, it made specific findings:

> [Robles] certainly knew or had every reason to know about the 1054 grams of cocaine . . .. He was present. His activity as part of the conspiracy was to be a distributor. Even if that one large amount was not going to be distributed by him, he knew about other amounts that were being brought in. He knew that in order to support this kind of a conspiracy, it was necessary to have people selling in smaller amounts. He is found responsible for that as relevant conduct and foreseeable amounts of cocaine.

Id. at 68. It concluded that "the exhibits and the documents that have been received in evidence and the statements in the presentence report that are not objected to support

all of the findings of the author of the presentence investigation report." Id. Although "we emphasize the value of specific references to individual pieces of trial testimony," we believe that the Court's findings sufficiently addressed both the scope of Robles's jointly undertaken criminal activity and the foreseeability of his coconspirators' acts. United States v. Grajales-Montoya, 117 F.3d 356, 364 (8th Cir.), cert. denied, 118 S. Ct. 446 (1997). (Rule 32(c)(1) satisfied where court "acknowledged [the defendant's] objections to the PSR, expressly rejected them, and stated that it did so pursuant to hearing all of the evidence presented and reviewing its notes").

Further, the District Court did not err in determining that the one-kilogram package seized on May 31 was part of the jointly undertaken criminal activity to which Robles agreed. Robles asserts that he would not have been involved in the distribution of this particular kilogram because it was intended to be sold as a unit, by others in the conspiracy, and not in the smaller amounts in which he customarily dealt. However, there was evidence that, on May 31, Robles offered to sell cocaine to an informant out of Mata's apartment. When the police executed the search warrant later that day, the only cocaine found, and out of which a sale that day presumably would have been made, was the one-kilogram package at issue. Evidence also suggested that, though Robles's coconspirators were trying to arrange a whole-kilogram sale, there was a possibility that the kilogram would have to be broken up for sale. Robles had no "limited agreement, explicit or implicit, when he joined the conspiracy . . . that he was only in for a single deal." United States v. Flores, 73 F.3d at 834. Rather, where Robles "intended to conduct future transactions . . . and was simply deprived of the opportunity to do so because he was arrested before additional transactions," id., he cannot disclaim responsibility for the drugs bought and kept in reserve to supply those future, additional transactions.

The record supports the District Court's finding that, regardless of whether Robles would have been directly involved with all of the seized kilogram, he was an active enough participant in the conspiracy to be liable for it. It is true that Robles's

participation was minor compared to that of his coconspirators -- accordingly, he received a two-level reduction in his offense level. However, by his own admission, Robles brought customers to the apartment "frequently." Mata maintained that these transactions would occur a couple of times during the week, and almost every twenty minutes on the week ends. From the evidence before it, the Court was within its rights to find that the amounts being purchased and stored at the apartment for distribution were both within the scope of the criminal activity Robles had undertaken, and reasonably foreseeable to him.

We therefore affirm the District Court's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.